## UNITED STATES DISTRICT COURT
## IN THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JEFFREY MORRIS,

   Plaintiff,

-VS-

                                              CASE NO.:    6:14-cv-161-orl-31GJK

AMAZON PROCESSING, LLC., d/b/a
APPSTAR FINANCIAL,

   Defendant.

_____/

### COMPLAINT

    1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

    2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331.

    3.    The alleged violations described in the Complaint occurred in Orange County, Florida.

### FACTUAL ALLEGATIONS

    4.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

    5.    Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

    6.    Defendant, Amazon Processing LLC, d/b/a AppStar Financial, (hereinafter "AppStar"), is a corporation and a citizen of the State of Delaware with its principal place of business at 9573 Chesapeake Drive, San Diego, California, 92123.

7.     Defendant AppStar called the Plaintiff approximately 25 times over a two month period, in an attempt to solicit business.

8.     Defendant AppStar intentionally harassed and abused Plaintiff on numerous occasions by contacting Plaintiff on his cellular telephone without Plaintiff's prior consent.

9.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

10.     Each call the Defendant AppStar made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

11.     Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

12.     Plaintiff has been assigned telephone number (386) 624-8421 for the past five years.

13.      Plaintiff does not now, nor has he ever, received services from Defendant, AppStar.

14.     Plaintiff does not now, nor has he ever, entered into a business relationship with Defendant, AppStar.

15.     Plaintiff his never provided his cellular telephone number to Defendant.

16.     In or about February of 2013, Plaintiff began receiving automated calls to his cellular telephone (386) 624-8421, from Defendant AppStar at 855-409-4569

17.     Plaintiff answered Defendant's telephone calls on at least three occasions, 2/26/2013, 3/4/2013 and 3/25/2013, in attempt to speak with the Defendant and end the calls.

18.     Plaintiff has received multiple calls in a single day from the Defendant. [See exhibit "A"]

19.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

20.     Plaintiff has received approximately 25 calls in total from the Defendant.

21.     Defendant corporate policy and procedures provided no means for the Plaintiff to have his cellular number removed from the call list.

22.     Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

23.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

24.     None of Defendant's, telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

25.     Defendant, willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

26.     Plaintiff incorporates Paragraphs one (1) through twenty-five (25).

27.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

3

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Amanda J. Allen
**Amanda J. Allen, Esquire**
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
aallen@forthepeople.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Amanda J. Allen, Esquire, hereby certify that a true and correct copy of the foregoing has been served on Defendant through Service of Process on its Registered Agent.

/s/ Amanda J. Allen
**Amanda J. Allen, Esquire**
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
aallen@forthepeople.com
*Attorney for Plaintiff*